BRENNAN ET AL. *v.* ARMSTRONG ET AL.

No. 76–809. Decided June 29, 1977

PER CURIAM.

This school desegregation case involves the school system in the city of Milwaukee, Wis. The District Court here made various findings of segregative acts on the part of petitioner School Board members, appointed a Special Master "to develop a plan for the desegregation of the Milwaukee public school system," and certified its order for interlocutory appeal to the Court of Appeals for the Seventh Circuit. *Amos* v. *Board of School Directors,* 408 F. Supp. 765. The Court of Appeals, observing that there was "an unexplained hiatus between specific findings of fact and conclusory findings of segregative intent," stated that the District Court is "entitled to a presumption of consistency" and concluded that the findings of the District Court were not clearly erroneous. 539 F. 2d 625. Neither the District Court in ordering development of a remedial plan, nor the Court of Appeals in affirming, addressed itself to the inquiry mandated by our opinion in *Dayton Board of Education* v. *Brinkman, ante,* p. 406, in which we said:

"If such violations are found, the District Court in the first instance, subject to review by the Court of Appeals, must determine how much incremental segregative effect these violations had on the racial distribution

of the Dayton school population as presently constituted, when that distribution is compared to what it would have been in the absence of such constitutional violations. The remedy must be designed to redress that difference, and only if there has been a systemwide impact may there be a systemwide remedy." *Ante,* at 420.

The petition for certiorari is accordingly granted, the judgment of the Court of Appeals is vacated, and the case is remanded for reconsideration in the light of *Arlington Heights* v. *Metropolitan Housing Dev. Corp.,* 429 U. S. 252 (1977), and *Dayton.*

MR. JUSTICE STEVENS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

My concern over the Court's misuse of summary dispositions prompts this dissent.

The Court's explanation of its action gives the erroneous impression that the Court of Appeals' decision related to the question of what kind of remedy is appropriate in this case. Quite the contrary, there was no remedy issue before the Court of Appeals, and that court considered no such issue.

The District Court concluded in a 60-page opinion that "school authorities engaged in practices with the intent and for the purpose of creating and maintaining a segregated school system, and that such practices had the effect of causing current conditions of segregation in the Milwaukee public schools." *Amos* v. *Board of School Directors,* 408 F. Supp. 765, 818 (ED Wis. 1976). Recognizing that "remedial efforts˙ may well be for naught if the determination of liability is ultimately reversed on appeal," *id.,* at 824, Judge Reynolds certified this issue of law for interlocutory appeal. To further ensure appealability, he entered a general order enjoining future racial discrimination and directing the defendants to formulate desegregation plans. App. 140–141. This order did not call for any particular kind of desegregation plan. Thus,

when the case reached the Court of Appeals, the only issue before it was the existence of a violation.[1] After a careful review of the evidence, it concluded that the District Court's finding of intentional segregation was not clearly erroneous. 539 F. 2d 625 (CA7 1976). .

This Court now vacates the Court of Appeals judgment and remands for reconsideration in light of two cases. One of those cases [2] is merely a routine application of *Washington* v. *Davis,* 426 U. S. 229, which was correctly construed by the Court of Appeals.[3] The other case is relevant to the issue of liability, if at all, only because it supports the Court of Appeals.[4]

Of course, in formulating a remedy, the District Court will need to consider cases such as *Milliken* v. *Bradley, ante,* p. 267, and *Dayton Board of Education* v. *Brinkman, ante,* p. 406, if there is any dispute about the proper scope of the remedy. But since no such issue has ever been decided by the Court of Appeals, there is nothing for it to reconsider in light of these cases. These cases certainly provide no justification for vacating the judgment affirming the District Court's conclusion that the petitioners have violated the Constitution. This Court's hasty action will unfortunately lead to unnecessary

---

[1] After the case was argued in the Court of Appeals on June 2, 1976 (see 539 F. 2d 625), the District Court entered a broader remedy. App. 142, 144.

[2] *Arlington Heights* v. *Metropolitan Housing Dev. Corp.,* 429 U. S. 252.

[3] The Court of Appeals cited *Washington* v. *Davis* as holding that "a · 'racially discriminatory purpose' is essential to an equal protection violation in school cases, as in other cases," and that "[p]urpose may . . . be inferred from 'the totality of the relevant facts,' which may include discriminatory impact," 539 F. 2d, at 633–634, quoting *Washington* v. *Davis,* 426 U. S., at 242.

[4] *Dayton Board of Education* v. *Brinkman, ante,* p. 406, is primarily a remedy case and therefore irrelevant to the action of the Court of Appeals in this case. It does, however, stress the limitations on appellate review in this area, such as the "clearly erroneous" rule, *ante,* at 417, which the Court of Appeals scrupulously followed, *e. g.,* 539 F. 2d, at 637.

work by already overburdened Circuit Judges, who have given this case far more study than this Court had time to give it. Nevertheless, it is quite clear that after respectful reconsideration the Court of Appeals remains free to re-enter its original judgment.

In my opinion the petition for certiorari should be denied. However, since the Court has granted the petition, and since it is not our practice to review findings of fact which the Court of Appeals has already determined to be supported by the record, I would affirm the judgment.