## BUSTOP, INC. *v.* BOARD OF EDUCATION OF THE CITY OF LOS ANGELES

No. A–249.   Decided September 8, 1978

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant Bustop, Inc., supported by the Attorney General . of California, requests that I stay, pending the filing of a petition for certiorari or an appeal, the order of the Supreme Court of California.   That order vacated a supersedeas or stay issued by the California Court of Appeal, which had in turn stayed the enforcement of a school desegregation order issued by the Superior Court of Los Angeles County.

The desegregation plan challenged by applicant apparently requires the reassignment of over 60,000 students.   In terms of numbers it is one of the most extensive desegregation plans in the United States.   The essential logic of the plan is to pair elementary and junior high schools having a 70% or greater Anglo majority with schools having more than a 70% minority enrollment.   Paired schools are often miles apart, and the result is extensive transportation of students. Applicant contends that round-trip distances are generally in the range of 36 to 66 miles.   Apparently some students must

catch buses before 7 a. m. and have a 1½-hour ride to school. The objective of the plan is to insure that all schools in the Los Angeles Unified School District have Anglo and minority percentages between 70% and 30%.

Applicant urges on behalf of students who will be transported pursuant to the order of the Superior Court that the order of the Supreme Court of California is at odds with this Court's recent school desegregation decisions in *Dayton Board of Education* v. *Brinkman,* 433 U. S. 406 (1977), *Brennan* v. *Armstrong,* 433 U. S. 672 (1977), and *School District of Omaha* v. *United States,* 433 U. S. 667 (1977). The California Court of Appeal, which stayed the order of the Superior Court, observed that the doctrine of these cases "reflects a refinement of earlier case law which should not and cannot be ignored." The majority of the Supreme Court of California, however, in a special session held Wednesday, September 6, vacated the supersedeas or stay issued by the Court of Appeal and denied applicant's request for a stay of the order of the Superior Court.

Were the decision of the Supreme Court of California premised on the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, I would be inclined to agree with the conclusion of the California Court of Appeal that the remedial order entered by the Superior Court in response to earlier decisions of the Supreme Court of California was inconsistent with our decisions cited above. But the earlier opinion of the Supreme Court of California in this case, *Crawford* v. *Board of Education,* 17 Cal. 3d 280, 551 P. 2d 28 (1976), and *Jackson* v. *Pasadena City School District,* 59 Cal. 2d 876, 382 P. 2d 878 (1963), construe the California State Constitution to require less of a showing on the part of plaintiffs who seek court-ordered busing than this Court has required of plaintiffs who seek similar relief under the United States Constitution. Although the California Court of Appeal is of the view that this Court's cases would require a different result

from that reached by the Supreme Court of California in *Crawford,* and although the order of the Supreme Court of California issued Wednesday was not accompanied by a written opinion, in the short time available to me to decide this matter I think the fairest construction is that the Supreme Court of California continues to be of the view which it announced in *Jackson* and adhered to in *Crawford.* Quite apart from any issues as to finality, it is this conclusion which effectively disposes of applicant's suggestion that four Justices of this Court would vote to grant certiorari to review the judgment of the Supreme Court of California, which in effect overturned the order of the Court of Appeal and reinstated the order of the Superior Court.

Applicant relies upon my action staying the judgment and order of the Court of Appeals for the Sixth Circuit in *Columbus Board of Education* v. *Penick, ante,* p. 1348, but that case is, of course, different in that the only authority that a federal court has to order desegregation or busing in a local school district arises from the United States Constitution. But the same is not true of state courts. So far as this Court is concerned, they are free to interpret the Constitution of the State to impose more stringent restrictions on the operation of a local school board.

Applicant phrases its contention in this language:

> "Unlike desegregation cases coming to this Court through the lower federal courts, of which there must be hundreds, if not thousands, here the issue is novel. The issue: May California in an attempt to racially balance schools use its doctrine of independent state grounds to ignore the federal rights of its citizens to be free from racial quotas and to be free from extensive pupil transportation that destroys fundamental rights of liberty and privacy." Application for Stay 16.11.

But this is not the traditional argument of a local school board contending that it has been required by court order to imple-

ment a pupil assignment plan which was not justified by the Fourteenth Amendment to the United States Constitution. The argument is indeed novel, and suggests that each citizen of a State who is either a parent or a schoolchild has a "federal right" to be "free from racial quotas and to be free from extensive pupil transportation that destroys fundamental rights of liberty and privacy." While I have the gravest doubts that the Supreme Court of California was *required* by the United States Constitution to take the action that it has taken in this case, I have very little doubt that it was *permitted* by that Constitution to take such action.

Even if I were of the view that applicant had a stronger federal claim on the merits, the fact that the Los Angeles schools are scheduled to open on Tuesday, September 12, is an equitable consideration which counsels against once more upsetting the expectations of the parties in this case. The Los Angeles Board of Education has been ordered by the Superior Court of Los Angeles County to bus an undoubtedly large number of children to schools other than those closest to where they live. The Board, however, raises before me no objection to the plan, and the Supreme Court of California has apparently placed its imprimatur on it. I conclude that the complaints of the parents and the children in question are complaints about California state law, and it is in the forums of that State that these questions must be resolved. The application for a stay is accordingly

*Denied.*