United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30395

KEVIN PAUL CAVALIER, on behalf of
Hunter Paul Cavalier; JULIE ANN CAVALIER,
on behalf of Hunter Paul Cavalier,

                              Plaintiffs-Appellants,

        versus

SCHOOL BOARD OF CADDO PARISH;
PHILLIP R. GUIN; WILLIE D. BURTON;
GINGER ARMSTRONG; EURSLA D. HARDY;
ALVIN MIMS; MARK MILAM; MICHAEL J.
THIBODEAUX; WANDA J. WRIGHT;
JERRY TIM BROOKS; MILES HITCHCOCK;
MILDRED B. PUGH; and MIKE POWELL,

                              Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana

ON PETITION FOR REHEARING AND REHEARING EN BANC

(Opinion 3/1/05, 5 Cir., _____, _____ F.3d _____)

Before Judges GARWOOD, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:

    A.  The panel opinion issued herein March 1, 2005 is hereby

modified in (and only in) the following two respects as set out in

(1) and (2) below, viz:

(1) The last two sentences which begin on page 5 of the manuscript opinion (also being the third and fourth sentences which begin in the right-hand column on slip opinion page 1622), reading as follows:

> "Because this consent decree no longer applies to CMMS, it cannot justify the Board's policy, and because the Board shows no other compelling governmental interest for its racial classification, we hold that the policy is unconstitutional. Furthermore, even if CMMS were still subject to the decree, because the Board has not shown that it has considered any race-neutral means to achieve its desired racial mix and relies exclusively on a racial quota, the policy is not narrowly tailored."

are hereby deleted from the opinion and replaced by the following, viz:

> "Because this consent decree no longer applies to CMMS, it cannot justify the Board's policy, and because the Board shows no other compelling governmental interest for its racial classification, we hold that on this record it was error to grant the School Board's motion for summary judgment and the policy is unconstitutional. Furthermore, because the Board has not shown that it has considered any race-neutral means to achieve its desired racial mix and relies exclusively on a racial quota, the policy is not narrowly tailored."

(2) The first sentence of the second grammatical paragraph which commences on page 27 of the manuscript opinion (the first sentence of the third grammatical paragraph in the left-hand column on slip opinion page 1633), reading as follows:

> "Moreover, even if the 1981 Consent Decree were still in some respects applicable to CMMS, the School Board's policy is not narrowly tailored to remedy the present effects of past segregation, the compelling interest allegedly supported by the Consent Decree."

is hereby deleted from the opinion and replaced by the following, viz:

"Moreover, the School Board's policy is not narrowly tailored to remedy the present effects of past segregation, the compelling interest allegedly supported by the Consent Decree."

B.   Except as above provided, the panel opinion issued herein March 1, 2005 is unchanged.

C.   The Petition for Rehearing is DENIED.   Judge Wiener dissents from the denial of rehearing.

D.   No member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED. R. APP. P. and 5TH CIR. R. 35) the Petition for Rehearing En Banc is also DENIED.

E.   The motion of appellees to "stay the effects of the March 1, 2005 opinion" to "allow the district to operate under its current admissions policy during the 2005-06 school year" is DENIED.